J-S76020-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILBERT KEITH JOHNSON, | : | |
| | : | |
| Appellant. | : | No. 468 WDA 2018 |

Appeal from the PCRA Order, March 5, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0015449-2013.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.: FILED MARCH 22, 2019

Wilbert Keith Johnson appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court has previously summarized the pertinent facts as follows:

> The evidence presented at trial established that in the later evening hours of September 21, 2013, [Johnson] was at the Ragtime Bar in Homestead, where he was waiting to meet the mother of his child, Jalynn Ferrell, to discuss a possible reconciliation in their relationship. [Johnson] knew that Ferrell was seeing someone else, but told her, earlier that day, that if he could not have her, no one would. Also at the Ragtime Bar that evening were Ferrell's new boyfriend, Edward Joseph, and his three (3) friends, Blaine Smoot, "Sheen" and Qaeed Braxton. [Johnson] became aware that Joseph was Ferrell's new boyfriend, and at one point during the evening, had Joseph call Ferrell and put him on the phone, since Ferrell was not answering [Johnson's] calls. At some point thereafter, [Johnson] and Braxton had a verbal altercation. Though the altercation did not involve

shouting or fighting, the bar's owner nevertheless broke up the discussion between the two men. Braxton and his friends then left the bar, [to go] to Ferrell's house to watch a boxing match on television. Surveillance video from the bar shows [Johnson] following them at a fast pace. By the time Braxton and his friends reached the end of the block, [Johnson] had caught up to them and retrieved a gun from the car he was driving. The car, a grey Volkswagen, belonged to [Johnson's] current girlfriend, Karen Clark. Joseph saw [Johnson] retrieve the gun and began to run. He heard Braxton say "Aw, come on man" and then a shot was fired. By the time Joseph returned to the scene, [Johnson] was gone and Braxton [(hereinafter "victim")] was laying (sic) face-down on the sidewalk. He was transported by paramedics but was later pronounced dead. The cause of death was a single gunshot to the back, which perforated [the victim's] lung.

Commonwealth v. Johnson, 134 A.3d 96 (Pa. Super. 2015) (citation and footnote omitted), unpublished memorandum at 1-2.

The Commonwealth originally charged Johnson with criminal homicide, two counts of terroristic threats, and a firearm violation. The Commonwealth later withdrew the firearm charge, and the trial court granted Johnson's motion for judgment of acquittal as to one count of terroristic threats. At the conclusion of the trial, a jury found Johnson guilty of first-degree murder and acquitted him of the other terroristic threats charge. On August 25, 2014, the trial court sentenced Johnson to life imprisonment without the possibility of parole. The trial court denied Johnson's post-sentence motion on September 9, 2014.

Johnson filed a timely appeal to this Court. In this appeal, we rejected Johnson's challenges to the sufficiency and the weight of the evidence. See

Johnson, unpublished memorandum at 7-14.  We found merit to Johnson's claim that the trial court erred in denying Johnson's request to admit at trial the victim's prior criminal convictions for the purpose of showing the victim's propensity for violence and acting as the aggressor.  Upon further analysis, however, we found the error harmless because Johnson had not stated the specific crimes of which the victim was convicted.  See id. at 4-7.  We therefore affirmed Johnson's judgment of sentence.  Johnson did not seek further review.

On November 9, 2016, Johnson filed a timely pro se PCRA petition.  The PCRA court appointed counsel, and, on September 20, 2017, PCRA counsel filed an amended petition, as well as two addenda.  The Commonwealth filed its answer.  On January 30, 2018, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Johnson's petition without a hearing.  Johnson did not file a response.  By order entered March 5, 2018, the PCRA court dismissed Johnson's PCRA petition.  This appeal follows.  Both Johnson and the PCRA court have complied with Pa.R.A.P. 1925.

Johnson's Brief does not contain a statement of questions involved as required by Pa.R.A.P. 2111 and 2116.  Nevertheless, Johnson has provided argument on three issues, which we restate as follows:

I.      The PCRA court abused its discretion in dismissing the PCRA petition without a hearing insofar as Johnson established that trial and appellate counsel were ineffective for failing to properly preserve the issue of the trial court's error in failing to admit evidence of the victim's aggressive tendencies and in failing to properly address this issue in Johnson's direct appeal.

II.     The PCRA court abused its discretion in dismissing the PCRA petition without a hearing insofar as Johnson established that trial counsel provided ineffective assistance in failing to call [him] to testify when the defense proposed was self-defense.

III.    The PCRA court abused its discretion in dismissing the PCRA petition without a hearing insofar as Johnson established that trial counsel provided ineffective assistance in failing to raise an alternative defense, that of diminished capacity, at trial.

See Johnson's Brief at 10-17.  In addition, as to each issue, Johnson claims that, at a minimum, he raised a genuine issue of material fact that required an evidentiary hearing.  See id.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.  Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions de novo.

Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.  To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing,

- 4 -

an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. Commonwealth v. Blakeney, 108 A.3d 739, 750 (Pa. 2014).

All of Johnson's issues allege the ineffective assistance of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Commonwealth v. Johnson, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." Id. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. Id. at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." Commonwealth v. Stewart, 84 A.3d 701, 707 (Pa. Super. 2013) (en banc). "Whether the facts rise to the level of arguable merit is a legal determination.'" Id. (citing Commonwealth v. Saranchak, 866 A.2d 292, 304 n.14 (Pa. 2005).

As to the second prong of this test, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a

- 5 -

particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. Commonwealth v. Collins, 545 A.2d 882, 886 (Pa. 1988). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." Commonwealth v. Ervin, 766 A.2d 859, 862-63 (Pa. Super. 2000) (citation omitted). A petitioner asserting ineffectiveness based upon trial strategy must demonstrate that the "alternatives not chosen offered a potential for success substantially greater than the tactics utilized." Commonwealth v. Clark, 626 A.2d 154, 157 (Pa. 1993). "We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he [or she] may have taken." Stewart, 84 A.3d at 707. A PCRA petitioner is not entitled to post-conviction relief simply because a chosen strategy was unsuccessful. Commonwealth v. Buksa, 655 A.2d 576, 582 (Pa. Super. 1995).

As to the third prong of the test for ineffectiveness, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Stewart, 84 A.3d at 707. "A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Commonwealth v. Rathfon, 899 A.2d 365, 370 (Pa. Super. 2006).

Finally, when considering an ineffective assistance of counsel claim, the PCRA court "is not required to analyze these [prongs] in any particular order of priority; instead if a claim fails under any necessary [prong] of the ineffectiveness test, the court may proceed to that [prong] first."

- 6 -

Commonwealth v. Tharp, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). In particular, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. Commonwealth v. Travaglia, 661 A.2d 352, 357 (Pa. 1995).

In his first claim, Johnson argues that he established "that trial and appellate counsel were ineffective for failing to properly preserve the issue of the trial court's error in failing to admit evidence of the victim's aggressive tendencies and in failing to properly address this issue in [Johnson's] direct appeal." Johnson's Brief at 9. Johnson argues he "wished to present this evidence to establish that the [victim] had a propensity for violent behavior and also, in support of the self-defense claim, to show that the [victim] was the likely aggressor in the altercation." Id. at 10. Johnson then notes that the victim had prior convictions for simple assault and terroristic threats. Id. at 12. According to Johnson, had trial counsel made the proper proffer at trial, and had appellate counsel "made the averment that the victim had these prior convictions, the error would not have been harmless and would have resulted in the grant of a new trial." Id.

Questions regarding the admission of evidence are left to the sound discretion of the trial court, and the Superior Court, as an appellate court, will not disturb the trial court's rulings regarding the admissibility of evidence absent an abuse of that discretion. Commonwealth v. Pukowsky, 147 A.3d 1229, 1233 (Pa. Super. 2016).

As our Supreme Court has explained, "testimony as to the victim's character is admissible for the following purposes: (1) to corroborate the defendant's alleged knowledge of the victim's violent character to corroborate the defendant's testimony that he had a reasonable belief his life was in danger[;] and (2) to prove the allegedly violent propensities of the victim to show he was the aggressor." Commonwealth v. Smith, 416 A.2d 986, 988 (Pa. 1980).

Generally, character evidence is only admissible in the form of reputation testimony. Id. There are two exceptions that apply in self-defense claims and permit defendants to introduce prior acts of a victim. First, prior violent acts of the victim are admissible at trial to show the defendant's state of mind, whether or not the victim was convicted of these acts, when the defendant can show that he was aware of these acts at the time of the offense. Id. Second, prior violent acts of the victim may be introduced as propensity evidence, but only when those prior violent acts resulted in a conviction. Id. However, "only those past crimes of the victim that are similar in nature and not too distant in time will be deemed probative." Commonwealth v. Amos, 248 A.2d 748, 752 (Pa. 1971).

The PCRA court concluded that Johnson had not established that the victim's prior crimes would have been admissible:

> Here, the record reflects that the victim had prior convictions for disorderly conduct (disposed of on May 23, 2001), simple assault (probation completed on January 29, 2003) and resisting arrest (probation completed on May 5, 2009). Of the three (3) convictions, only the Resisting

> Arrest was within 10 years of the victim's murder. [Johnson] has failed to advance any argument that the Disorderly Conduct and Simple Assault convictions were close enough in time to the murder to warrant their admission and absent any such argument, this Court feels that they are too remote to be admissible.
>
> Because [Johnson] has failed to establish that the convictions were close enough in time to the murder to be admissible, he has necessarily failed to establish prejudice. As [Johnson] failed to satisfy the elements of his ineffectiveness claim, this Court was well within its discretion in not granting an evidentiary hearing and denying relief. This claim must fail.

PCRA Court Opinion, 7/16/18 at 5-6. Our review of the record supports the PCRA court's conclusion.

Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." Commonwealth v. Begley, 780 A.2d 605, 635 (Pa. 2001) (quoting Commonwealth v. Pettus, 424 A.2d 1332, 1335 (Pa. 1981). Johnson made no such proffer. In his brief, Johnson cites this Court's prior memorandum, which, in turn, cites to the trial court opinion's reference to the victim's prior convictions for simple assault and terroristic threats. See Johnson, unpublished memorandum at 5, n.4 (citing Trial Court Opinion, 1/13/15, at 8). Johnson fails to address when the victim's prior convictions occurred, or how they would be relevant to the circumstances surrounding the victim's 2013 murder. Moreover, Johnson does not even reference the 2009 resisting arrest conviction.

Given these circumstances, the PCRA court did not err in dismissing Appellant's petition without first holding an evidentiary hearing. See Commonwealth v. Clark, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence). Thus, Johnson's first claim of ineffective assistance of counsel fails.

In his second claim, Johnson argues that he "established the merits of the claim that trial counsel provided ineffective assistance in failing to call [him] to testify when the defense proposed was self-defense." Johnson's Brief at 9. According to Johnson, he "had admitted to police that the shooting occurred" but "[f]rom the beginning, he maintained that he was afraid for his life because he was outnumbered 4 to 1 during the altercation, and because of the anger of the men he was facing." Johnson's Brief at 14. Johnson asserts that his testimony at trial "could have been enough to support a not guilty verdict had his testimony been believed by a jury." Id. at 15. At the very least, Johnson claims that he sufficiency raised an issue of fact which required an evidentiary hearing so that trial counsel could explain why she opted not to put Johnson on the stand given the defense strategy of self-defense.

As this Court has summarized:

> [T]he decision to testify on one's own behalf is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for

failing to call the appellant to the stand, the appellant must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf. Counsel is not ineffective where counsel's decision to not call the defendant was reasonable.

Commonwealth v. O'Bidos, 849 A.2d 243, 250 (Pa. Super. 2004).

At the close of the Commonwealth's case, the following exchange occurred between the trial court, trial counsel, and Johnson:

> THE COURT: Now, are you calling [Johnson] to the stand?
>
> [TRIAL COUNSEL]: At this time, after speaking with [Johnson], we made the decision not to call him as a witness.
>
> THE COURT: Okay, [Johnson], do you understand that under the Constitution that you have an absolute right to take the stand in your own behalf and to testify?
>
> [JOHNSON]: Yes, ma'am.
>
> THE COURT: And do you understand you may also have the right to call certain character witnesses to attest to your character and reputation in the neighborhood?
>
> [JOHNSON]: Yes, ma'am.
>
> THE COURT: And you are choosing not to take the stand. Has anybody threatened you in any way or promised you anything that may have influenced this decision?
>
> [JOHNSON]: No. ma'am.

N.T., 8/19/14, at 249-50.

Based upon the above, the PCRA court found no merit to Johnson's second ineffectiveness claim:

As the record reflects, after all of the evidence was presented ([Johnson] did not present any witnesses), this Court conducted a colloquy with [Johnson] regarding his right to testify. At that time, [Johnson] affirmed that he understood his right to testify and the he had not been promised anything or threatened not to testify. There remains no suggestion to the contrary. His current claim – that his testimony was necessary to support a claim of self-defense – speaks to a strategic decision in light of his prior convictions rather than counsel's interference with his right to testify or unreasonable advice in that regard.

As the Commonwealth correctly points out, had [Johnson] testified, he could have been subject to cross-examination regarding his prior convictions, which include [multiple crimen falsi offenses]. Thus, counsel's advice not to testify would have been reasonable under the circumstances.

Moreover, as the Superior Court pointed out in its October 14, 2015 [memorandum opinion], "the evidence that [Johnson] acted as the aggressor in this case is overwhelming." This Court agrees with Superior Court that the evidence that [Johnson] acted as the aggressor was overwhelming, and even included surveillance video of [Johnson] following the victim at a fast pace just before the shot was fired. Given the evidence presented at trial, even had [Johnson] testified in support of his claim of self-defense, there is no reasonable argument that the result would have been different. Under these circumstances, counsel's advice not to testify was entirely reasonable and does not require reversal. As such, this Court did not err in failing to hold an evidentiary hearing or to grant relief. This claim is meritless.

PCRA Court Opinion, 7/16/18, at 7-8.

Our review of the record supports the PCRA court's conclusions. In making his argument, Johnson fails to acknowledge the risk of cross-examination regarding his prior crimen falsi convictions if he took the stand. Moreover, although Johnson claims that the "truncated colloquy" reproduced

above should not result in a finding of voluntary waiver of the right to testify, he cites no case authority for this proposition. See Commonwealth v. Tielsch, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal). Thus, Johnson's second ineffectiveness claim does not entitle him to relief.

In his final claim of ineffectiveness, Johnson argues that he "established the merits of the claim that trial counsel provided ineffective assistance in failing to raise an alternative defense, that of diminished capacity, at trial." Johnson's Brief at 9. According to Johnson, both he and his family members had informed trial counsel "that he could not have formed the intent to kill the [victim] due to diminished capacity." Johnson's Brief at 17. Johnson had attached to his pro se PCRA petition "various medical evaluations from Mercy Behavioral Health that supported his claim. Id. at 17-18. Johnson argues that he was prejudiced because "[t]he failure to provide this alternative defense, [could] have lessened his degree of guilt[.]" Id. at 18. We cannot agree.

> A diminished capacity defense does not exculpate the defendant from criminal liability entirely, but negates the element of specific intent. Thus, if a jury accepts a diminished capacity defense, a charge of first-degree murder is mitigated to third-degree murder. To establish diminished capacity, a defendant must prove that his cognitive abilities of deliberation and premeditation were so compromised, by mental defect or voluntary intoxication, that he was unable to formulate the specific intent to kill. The mere fact of intoxication does not give rise to a diminished capacity defense. Likewise, evidence that the defendant lacked the ability to control his actions or acted

impulsively is irrelevant to specific intent to kill, and thus is not admissible to support a diminished capacity defense.

Commonwealth v. Sepulveda, 55 A.3d 1108, 1122 (Pa. 2012) (citation omitted).

Our Supreme Court has further explained the scope and manner of proving a diminished capacity defense based upon a mental defect as follows:

> Although the diminished capacity [defense] is well-recognized as a permissible defense to first-degree murder in the appropriate situation, this Court has recognized that the defense is an extremely limited one.
>
> * * *
>
> [D]iagnosis with a personality disorder does not suffice to establish diminished capacity.  Additionally, the evidence must provide insight as to the defendant's mental state at the time of the offense, the only relevant time for a diminished capacity defense.

Commonwealth v. Mason, 130 A.3d 601 631 (Pa. 2015) (citations omitted).

Here, the PCRA court observed that the psychiatric documentation Johnson relied upon "contain no observations or diagnoses for [Johnson] at the time of the killing in September, 2013, which would have been relevant to support a diminished capacity defense."  PCRA Court Opinion, 7/16/18, at 10. The PCRA court then concluded:

> In that [Johnson] failed to establish a mental defect that would have affected his abilities of deliberation and premeditation in September 2013, there was no basis for a diminished capacity defense.  As such, counsel could not be ineffective for failing to raise the claim.  Therefore, this Court was well within its discretion in denying a hearing or collateral relief on this claim.  This claim is meritless.

Id.

Our review of the record supports the PCRA court's conclusion that Johnson has failed to meet his burden of establishing a genuine issue of material fact that would necessitate an evidentiary hearing. Johnson's providing psychiatric evaluations dated two years before the victim's murder is insufficient. As noted above, in order to be entitled to an evidentiary hearing, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." Begley, supra. Johnson neither pled nor offered to prove that he had an expert witness who would testify that he suffered from a diminished capacity due to a mental defect at the time of the 2013 murder. Without such a proffer, Johnson's third ineffectiveness claim fails.

In sum, because none of Johnson's ineffective assistance of counsel claims entitle him to post-conviction relief, we affirm the PCRA court's order denying Johnson's PCRA petition without a hearing.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/22/2019

- 15 -